JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN (Bar No. 124823), mjh@jmbm.com
GABRIEL Z. REYNOSO (Bar No. 234027), gzr@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER for INDYMAC FEDERAL BANK, FSB, sued herein as INDYMAC BANK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JULIE RATHBONE and PETER SCHWARTZ,<br><br>   Plaintiffs,<br><br>   v.<br><br>INDYMAC BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-20 inclusive,<br><br>   Defendants. | CASE NO.   2:11-cv-01177-KJM-EFD<br><br>**SUBSTITUTION OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB; ORDER**<br><br>**CTRM:**   3<br>**JUDGE:**   HON. KIMBERLY J. MUELLER |

The Federal Deposit Insurance Corporation, as Receiver for IndyMac Federal Bank, FSB ("FDIC as Receiver"), sued herein as IndyMac Bank, states as follows:

1.  On or about July 11, 2008, IndyMac Bank, FSB ("IndyMac Bank") was closed by the Office of Thrift Supervision ("OTS"). All non-brokered insured deposit accounts and substantially all of the assets of IndyMac Bank were transferred to IndyMac Federal Bank, FSB ("IndyMac Federal"), a newly chartered full-service FDIC-insured institution. That same day, the Federal Deposit Insurance Corporation ("FDIC") accepted its appointment from the OTS to serve as Conservator of IndyMac Federal.

2.  Subsequently, on or about March 19, 2009, the FDIC accepted its appointment from the OTS to serve as Receiver for IndyMac Federal.

3. Through its appointment as Conservator and then subsequently as Receiver for IndyMac Federal, the FDIC succeeded to all rights, titles, powers and privileges of IndyMac Federal, pursuant to 12 U.S.C. §1821(c)(2)(A)(i)-(ii), 12 U.S.C. §1821(c)(3)(B), 12 U.S.C. §1821(d)(2)(A)(i), and 12 U.S.C. §1821(d)(2)(B)(i).  This includes the resolution of outstanding claims against IndyMac Federal, as the institution in receivership.  *See* 12 U.S.C. §1821(d)(3).  Accordingly, as of July 11, 2008, the FDIC stood in the shoes of IndyMac Federal with respect to all matters.

4. Because the FDIC as Receiver is the proper defendant with regard to plaintiffs' claims, the FDIC as Receiver should be substituted into this action in place of defendant IndyMac Bank.

5. The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA")  provides, in pertinent part:  "After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed – * * * (ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party."  12 U.S.C. §1821(d)(12)(A).  This 90-day stay is mandatory:  "Upon receipt of a request by any . . . receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, *the court shall grant such stay as to all parties*."  12 U.S.C. §1821(d)(12)(B) (emphasis added).

6. Thus, upon entry of an order substituting in the FDIC as Receiver for the current defendant, IndyMac Bank, this matter can and should be stayed for 90 days.

DATED:  May 9, 2011

JEFFER MANGELS BUTLER & MITCHELL LLP
MICHAEL J. HASSEN
GABRIEL Z. REYNOSO


By: /s/ Michael J. Hassen
MICHAEL J. HASSEN
Attorneys for Defendant FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB

**ORDER**

Based on the foregoing Substitution and good cause appearing, it is hereby ORDERED:

(1) that the Federal Deposit Insurance Corporation, as Receiver for Indymac Federal Bank, FSB ("FDIC as Receiver"), sued herein as IndyMac Bank, is substituted in for named defendant Indymac Bank, and

(2) that all proceedings in this matter are stayed for ninety (90) days, up to and including August 8, 2011.

IT IS SO ORDERED.

Dated:  June 2, 2011.

_____
UNITED STATES DISTRICT JUDGE